Filed 2/4/14  Desert Valley Patients Assn. v. City of Rancho Mirage CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DESERT VALLEY PATIENTS ASSOCIATION, INC., et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>CITY OF RANCHO MIRAGE et al.,<br><br>    Defendants and Appellants. | E056260<br><br>(Super.Ct.No. INC1100959)<br><br>**ORDER MODIFYING OPINION**<br><br>[NO CHANGE IN JUDGMENT] |

In our unpublished opinion in the above-entitled matter, filed on January 21, 2014, a clerical error was made.  The opinion is modified as follows:

1.  On page one, in the caption, the superior court case number is corrected as follows:  "(Super.Ct.No. INC1100959)".

Except for this modification, the opinion remains unchanged.  The modification does not affect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

CODRINGTON

J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| DESERT VALLEY PATIENTS ASSOCIATION, INC., et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> CITY OF RANCHO MIRAGE et al., <br><br> Defendants and Appellants. | E056260 <br><br> (Super.Ct.No. INC1S10959) <br><br> OPINION |

APPEAL from the Superior Court of Riverside County.  Randall Donald White, Judge.  Reversed with directions.

Steven B. Quintanilla, City Attorney, and Nicholas Hermsen, Deputy City Attorney, for Defendants and Appellants.

Jeffrey A. Lake and Nathan A. Shaman for Plaintiffs and Respondents.

Defendants City of Rancho Mirage and Randal K. Bynder (City) appealed by notice filed May 1, 2012, the judgment entered April 20, 2012, granting declaratory relief and letting a peremptory writ issue in favor of plaintiffs Desert Valley Patients

1

Association, Inc. et al. (Patients). Patients prevailed based on the trial court's determination that the City of Rancho Mirage's ordinances generally banning medical marijuana dispensaries, and the Patients' facilities in particular, were preempted by state law. Those ordinances are No. 999 (45-day moratorium on establishing medical marijuana dispensaries), No. 1000 (additional 45-day moratorium), No. 1004 (additional one-year moratorium), and No. 1009 (permanent ban of medical marijuana dispensaries).

After the case was fully briefed on March 22, 2013, the California Supreme Court filed its opinion in *City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729 (*Inland*) on May 6, 2013, in which the court held that state law did not preempt a local ordinance banning facilities that distribute medical marijuana. (*Id.* at p. 762.) In response on June 20, 2013, the parties filed a "REQUEST AND STIPULATION TO REVERSE JUDGMENT AND REMAND TO LITIGATE ALL OTHER ISSUES" (the stipulation). The stipulation asks in effect that the judgment be reversed and the superior court directed to decide whether plaintiffs prevail on the first cause of action for declaratory relief on other specified grounds.

By order filed June 28, 2013, this court directed the filing of a letter memorandum of points and authorities responding to questions necessary to make the findings required for a reversal by stipulation of a superior court judgment. (Code Civ. Proc., § 128, subd. (a)(8) (§ 128 (a)(8)).) A letter memorandum was filed July 15, 2013, showing good cause for the stipulated reversal. This opinion decides this appeal pursuant to the parties' stipulation.

2

<u>APPROVAL OF STIPULATED REVERSAL</u>

To the stipulation we apply section 128 (a)(8), which provides in relevant part: "An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following:  [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal.  [¶]  (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."

1.  *Effect on Nonparties and Public*

Regarding the first finding, we must consider how the interests of nonparties or the public might be affected by the settlement.  (§ 128 (a)(8)(A).)  Specifically, we must inquire whether there is a "reasonable possibility that the interests" of a nonparty would be "adversely affected by . . . reversal."  (*Ibid.*)

In this case the California Supreme Court has decided in *Inland* how the interests of nonparties and the public should be affected, and the stipulated reversal merely implements that decision.  Furthermore, the final effect on the interests of parties, nonparties, and the public has yet to be determined, because further litigation in the superior court will be required to adjudicate the issues raised by Patients' first cause of action against City.  Thus, the stipulation itself has little effect because it is not yet final, and whatever effect the stipulation ultimately has, that effect was ordained by the California Supreme Court.

3

We conclude that there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the stipulated reversal.

### 2. *Reasons for Stipulated Reversal*

Regarding the second, two-pronged finding weighing the reasons for reversal against the effect on public trust and pretrial settlement (§ 128 (a)(8)(B)), we must first identify the parties' reasons for preferring stipulated reversal over dismissal.

Here the reason for the stipulation is that dismissal would allow a judgment contrary to the law to remain in effect—reversal is the only way to follow the law as laid down in *Inland*. Additionally, the stipulation avoids the delay and expense of continuing on to a result that has already been determined by the California Supreme Court's decision in *Inland*.

### 3. *Erosion of Public Trust*

Taking first the issue of the erosion of public trust and postponing consideration of the effect on pretrial settlement incentives, public trust is eroded by a stipulated reversal when it appears that through settlement one party has paid off the other to obtain the particular result from the appellate court that the payor desired—the condemnation of the trial court's judgment implied by the reversal. This reflects poorly on both courts implying that the trial court erred and that the appellate court's reversal was groundless. (See *Neary v. Regents of University of California* (1992) 3 Cal.4th 273, 287, 293-294, dis. opn. of Kennard, J.)

But that is not the situation here, where the condemnation of the judgment implied by the reversal is mandated by a California Supreme Court decision. Thus, the reversal is

4

not groundless, and there is no erosion of public trust in this case.  Therefore, we find the significant reasons for the stipulated reversal outweigh the negligible possibility of the erosion of the public's trust in the judiciary.

### 4.  *Disincentive for Pretrial Settlement*

As the final task required by section 128 (a)(8), and subdivision (B) in particular, we must weigh the reasons for stipulating to reverse against "the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."  The concern is that parties will avoid settling a case before the trial court decides it because the parties know they can appeal and then settle for a stipulated reversal of the disliked ruling. Pretrial settlement is, of course, more economical than settlement on appeal.  (See *Neary v. Regents of University of California, supra*, 3 Cal.4th at pp. 288-291, dis. opn. of Kennard, J.)

This stipulated reversal does not implement a settlement by the parties; rather, the stipulated reversal implements the decision in *Inland*.  Furthermore, pretrial settlement should not necessarily be encouraged when genuine issues of law of statewide significance, such as preemption of local regulation by state law, are involved. Therefore, we find that the reasons for stipulated reversal outweigh the disincentive for pretrial settlement in this case.

We have completed the task set by section 128 (a)(8), and find that stipulated reversal is appropriate in this case.

DISPOSITION

Pursuant to the stipulation, the judgment appealed is reversed and the superior court is directed to adjudicate only Patients' first cause of action for declaratory relief in the first amended complaint and only as to this question: Are City's Ordinances No. 999, No. 1000, No. 1004, and No. 1009, or all or any combination of them, invalid and unenforceable as one or more violations of the rights, under the California Constitution, to privacy, equal protection, due process, and assembly?

In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).) The remittitur shall issue on or after 60 days after the filing date of this opinion, unless the parties stipulate in writing to the earlier issuance of the remittitur. (Cal. Rules of Court, rules 8.264(b)(1), 8.272(a), (b), (c)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

6